333 So.2d 380 (1976)
Beatrice Griffin AYMOND et al., Plaintiffs-Appellees,
v.
STATE of Louisiana, Through DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 5354.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1976.
Rehearing Denied June 30, 1976.
Writ Refused September 29, 1976.
*381 Philip K. Jones, Norman L. Sisson, Robert J. Jones, Johnie E. Branch, Jr., William J. Doran, Jr. by William J. Doran, Jr., Baton Rouge, for defendant-appellant.
Gist, Methvin and Trimble, by H. B. Gist, Jr., Mansour & Davis by Alfred A. Mansour, Alexandria, for plaintiffs-appellees.
Before DOMENGEAUX, GUIDRY and BERTRAND, JJ.
BERTRAND, Judge.
This is a companion suit to the case of Helen Marie Reed Aymond, et al. versus State of Louisiana through the Department of Highways, No. 5453 of the docket of this court, which we have decided this date. La.App., 333 So.2d 383. See that case for a discussion of the facts and our holding as to liability.
The remaining issues pertinent only to this case are:
1. The effect of the general release granted by Mrs. Beatrice Griffin Aymond to Gerald Aymond's insurer.
2. The right of the stepchildren of Everett Aymond to recover for the wrongful death of their stepfather.
3. Quantum.

THE RELEASE GRANTED BY MRS. BEATRICE G. AYMOND
Sometime following the accident of December 29, 1973, plaintiff obtained a $75,000.00 settlement with Gerald Aymond's insurer and pursuant to the settlement agreement executed a general release form provided by the insurance company. Defendant contends that this unrestricted release served to release the Department from any liability to plaintiff. The Department suggests that the document in question served to release it from liability because of the wording in the contract releasing Central Louisiana Electric Company, CNA Insurance Company and "all other persons, firms and corporations who might be liable...." There is no merit to the contention of the Department. The Department of Highways was not a party to the release, paid no consideration for it, and cannot claim any advantage from it. LSA-C.C. Articles 1780, 3071 and 3073. The Department's alternative plea that it was discharged from liability upon the execution of this release by Mrs. Aymond under the provisions of LSA-C.C. Article 2203 is equally without merit in view of this court's determination that Gerald Aymond was not guilty of any negligence which caused or contributed to the fatal accident.

THE RIGHT OF THE STEPCHILDREN OF EVERETT AYMOND TO RECOVER FOR HIS WRONGFUL DEATH
Plaintiff seeks to recover damages on behalf of her two minor children, who were the stepchildren of the deceased, Everett Aymond. Counsel for plaintiff points out that the stepchildren of Everett E. Aymond, namely Wallace and Martha Debo, were treated with the same love and affection that they would have received had he been their biological father. He maintained, supported, advised and loved both as though they were his own. We entertain no doubt as to these facts, however, our law, i. e., LSA-C.C. Article 2315 extends the right to damages in case of wrongful death only to biological or adopted children. If damage recovery in such cases is to be extended in favor of stepchildren, it is a matter for the legislature and not the *382 courts. We will affirm the trial court judgment which denies any recovery to Wallace and Martha Debo for the death of Everett Aymond.

QUANTUM
Everett Aymond was 66 years old at the time of his death. Although he was in the autumn of his life, the evidence reflects that he was physically and mentally healthy. Plaintiff and the deceased were married in the year 1969. The record clearly shows that Mr. and Mrs. Aymond were very devoted to one another and that theirs was a most happy marriage. There is no question of the deep loss felt by Mrs. Aymond upon the death of her husband.
With regard to the economic loss sustained by Mrs. Aymond as a result of the death of her husband, the record establishes that Mr. Aymond was a licensed master plumber and, although he had slowed down somewhat, he earned $14,000.00 and $16,000.00 respectively in the two years next preceding his death. On this issue the record contains the testimony of Dr. Herbert Hamilton, Ph.D., an expert actuary. Dr. Hamilton computed the economic loss suffered by Mrs. Beatrice Aymond and reached the conclusion by application of various mathematical formulae that Mrs. Aymond suffered a loss of $82,916.00. There is nothing in the record to contradict the conclusions advanced by Dr. Hamilton.
On the basis of the evidence, as briefly summarized, the trial court made the following awards to plaintiff:
(a) $60,000.00 for the loss of love, affection, mental pain and suffering.
(b) $25,000.00 for loss of support.
We have considered the quantum of these awards in light of the settled principals applicable to the appellate review of damages, as expounded upon in the companion case of Helen Marie Reed Aymond, et al. versus State of Louisiana through the Department of Highways, supra, and find same to be neither excessive nor inadequate.
In addition to the above the trial court awarded Mrs. Beatrice Aymond $7,500.00 for conscious pain and suffering of Everett Aymond prior to his death and the sum of $1,999.20 for funeral expenses. There is no dispute as to the award for funeral expenses, however, defendant does seriously question the correctness and/or quantum of the award for conscious pain and suffering of the decedent prior to death. For the reasons set forth in the companion matter we determine the award to be proper.
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
GUIDRY, J., concurs in part and dissents in part and assigns reasons.
GUIDRY, Judge (concurring in part and dissenting in part).
This is a companion suit to the case of Helen Marie Reed Aymond, et al. versus State of Louisiana, through the Department of Highways, #5453 of the docket of this court, which we have decided this date, La.App., 333 So.2d 383.
I concur in all findings of the majority in this case with one exception, i. e., the affirmation of the trial court award of $7500.00 to plaintiff for the suffering endured by plaintiff's decedent prior to his death. In my opinion, this latter award is excessive and constitutes a manifest abuse of discretion because there is no evidence whatever of conscious pre-death suffering and such award is greatly disproportionate with awards made in similar cases, i. e., Hall v. State, through the Department of Highways, 213 So.2d 169 (La.App. 3rd Cir., 1968) and LeBlanc v. Estate of Blanchard, 266 So.2d 918 (La.App. 4th Cir. 1972). I would reduce the amount awarded to the sum of $2500.00.
*383 For the foregoing reasons I respectfully dissent from the action of the majority in affirming the quantum of the award made by the trial court for conscious pre-death suffering of plaintiff's decedent.