Jack LITTLE, Appellant,

v.

BUSINESS DATA CENTER, INC., Appellee.

No. 15799.

Court of Civil Appeals of Texas, San Antonio.

April 27, 1977.

A. Z. Laurel, Jr., Hall & Zaffirini, Laredo, for appellant.

Stephen C. Parten, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has perfected his appeal from a summary judgment whereby appellee recovered the sum of $801.53 owed on a promissory note executed by appellant plus $300.00 as reasonable attorney's fees.

Appellant complains by his first point that the summary judgment was erroneously granted against him on the note in that there are fact issues as to the amount owed and also as to appellee's right to file suit on

the note. Appellant's second point urges that a fact issue is raised as to the reasonable amount of attorney's fees. Appellee concedes that the second point is well taken and that the award for attorney's fees cannot stand.

The summary judgment is based on the pleadings of the parties and the affidavit of James R. Forsyth, president of appellee. Appellee alleged by its sworn petition that it is the holder of a note executed on May 9, 1975 by appellant to the Brooks Field National Bank in the amount of $1,345.20, which was payable in 12 monthly installments of $112.10. A copy of the note is attached to the petition. Appellee alleged that this note was endorsed to it by the bank on April 18, 1976 for a valuable consideration and that appellee is the present holder of such note. Further, the note was past due and payable with a balance of $801.53. Appellant did not deny execution of the note or that it was past due. His pleadings question the amount owed and he demanded that appellee make a full and complete accounting of all payments received as well as the crediting of all amounts of principal, interest, costs, and expenses. Appellant also asserted a counterclaim for certain sums allegedly wrongfully withheld by appellee from appellant's salary.

■ The affidavit of appellee's president identified the note signed by appellant and averred that appellee was the holder of the note. He also swore that the note was past due and that appellant had refused to pay the sum of $801.53 owing on said note. Appellant did not file an answer or controvert appellee's motion for summary judgment. Neither appellant nor his attorney appeared at the hearing of the motion.[1] The trial court severed the counterclaim which had been filed by appellant from the suit on the note. Summary judgment was then entered in appellee's suit for the sum of $801.53 plus the sum of $300.00 for attorney's fees.

§ 3.307(b) of the Tex.Bus. & Comm.Code Ann. (1968) provides:

When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.

Appellant did not deny execution of the promissory note, nor did he allege any affirmative defense as required by Rule 94 and Rule 95, Tex.R.Civ.P. Therefore, appellee was not required to prove that it was a holder in due course. *Whittenburg v. Cessna Finance Corp.,* 536 S.W.2d 444 (Tex. Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.); *Hensley v. City Bank and Trust Co.,* 495 S.W.2d 282 (Tex.Civ.App.— Tyler 1973, writ ref'd n. r. e.). Appellant did not properly plead payment and there is no summary judgment evidence to raise such issue. He cannot now complain of the amount of the judgment. *Southwestern Fire & Casualty Co. v. Larue,* 367 S.W.2d 162 (Tex.1963).

■ The trial court did not err in granting appellee a summary judgment for the sum of $801.53 which was due and owing on appellant's promissory note. Appellee concedes that a fact issue was raised as to the reasonable amount of attorney's fees. This is a separate issue from the amount owed on the note and can be severed. *Woods Exploration & Producing Co., Inc. v. Arkla Equipment Co.,* 528 S.W.2d 568 (Tex.1975).

The judgment of the trial court is modified to provide that appellee's claim for attorney's fees against appellant is severed, and as to that part of the case, the judgment of the trial court is reversed and the cause is remanded to the trial court. As so modified, the judgment of the trial court is affirmed. The costs of this appeal are taxed one-half against appellant and one-half against appellee.

---

1. Appellant filed a motion for continuance, but does not complain of the trial court's refusal to grant such motion.