Mrs. Louis Donald CORMIER et al., Plaintiffs,

v.

WILLIAMS/SEDCO/HORN CONSTRUC-TORS et al., Defendants.

Roy Lee BERGERON, as adoptive parent and tutor of the minor, Kenneth Davis Bergeron, Plaintiff,

v.

WILLIAMS/SEDCO/HORN CONSTRUC-TORS et al., Defendants.

Civ. A. Nos. 76–3338, 77–247.

United States District Court, E. D. Louisiana.

Nov. 6, 1978.

Morrow & Morrow, Patrick C. Morrow, Opelousas, La., for Mrs. Louis Donald Cormier, Toni Marie Walling.

Felix A. DeJean, III, Opelousas, La., for Ronald J. Cormier, Helen LaGrange, John Cormier.

Adams & Reese, Joel L. Borrello, New Orleans, La., for Williams/Sedco/Horn Constructors, Houston Contracting Co.

CASSIBRY, District Judge:

In September, 1976, Louis Donald Cormier, a seaman, was drowned in the Maranone River near Iquitos, Peru. At that time he was employed by defendant Williams/Sedco/Horn. This case involves a suit for damages by decedent's wife, the administratrix of his estate, four of his natural children (three of whom were given in adoption before decedent's death, and one afterwards), and one unadopted stepchild of decedent.[1] Currently before the court are cross-motions for summary judgment by plaintiffs[2] and defendants. The motions raise two issues.

1. Applicability of the Death on the High Seas Act.

Defendants claim that the Death on the High Seas Act, 46 U.S.C. § 761 et seq., covers this case, while plaintiffs contend that the claim for wrongful death under the general maritime law established in Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), is available. The two theories are mutually exclusive. Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978).

The Death on the High Seas Act provides a remedy for wrongful deaths "occurring on the high seas beyond a marine league [about three miles] from the shore of any State." 46 U.S.C. § 761. The accident here occurred on a navigable river in a foreign country—that country's inland waters. The question is whether that is still "high seas" for purposes of the Death on the High Seas Act.

I believe that it is. At the time that the Act was passed, the Supreme Court had held that there was no general maritime wrongful death recovery. Deaths occurring in state territorial waters—within three miles from shore—were covered by state wrongful death statutes. Congress passed the Death on the High Seas Act in 1920 to provide a corresponding remedy for deaths occurring outside of the reach of state law. This Congressional purpose is discussed at length by the Supreme Court in the Moragne case, 398 U.S. at 393–403, 90 S.Ct. 1784–89 (1970). It is reflected in the statutory language, which on its face includes all waters beyond three miles from the shores of a state.

1. The children are all minors and are all represented by the appropriate tutors or tutrixes. Toni Marie Walling, the unadopted stepchild, is represented by Mrs. Louis Donald Cormier. Scotty James Dalfrey, April Elizabeth LaGrange, and Kevin Cormier, the three children given in adoption before decedent's death, are represented by Ronald J. Cormier, Helen LaGrange, and John Cormier, respectively. Kenneth Davis Bergeron, the natural child given in adoption after decedent's death, is represented by Roy Lee Bergeron. For the sake of simplicity, the children will be referred to as the "plaintiffs."

2. Plaintiffs Mrs. Louis Donald Cormier and Toni Marie Walling filed no memoranda of law in opposition to defendants' motion for summary judgment, nor any motions of their own. The court has been informed both by counsel for these two plaintiffs and by counsel for the other plaintiffs in the case that Mrs. Cormier and Toni Walling join in the cross-motion for summary judgment of the other plaintiffs.

■ Accordingly, the location of the accident in this case is one which Congress contemplated that the act would cover, since it is over three miles from the shore of any state—outside of the reach of state law.

There is no case directly on point. One case, *Roberts v. United States*, 498 F.2d 520 (9th Cir. 1974), refused to decide the issue. The court said it was hesitant to conclude that waters within 2000 feet of a foreign country's shores were "high seas," but at the same time it noted that Congress may have intended the Death on the High Seas Act to cover all waters not close to our country, no matter how close to another country.

As the Supreme Court held in the *Higginbotham* case, *supra*, the *Moragne* wrongful death remedy will not apply when the Death on the High Seas Act covers an incident. Therefore, the plaintiffs' *Moragne* claims here must be dismissed, and they may proceed under the Death on the High Seas Act.

2. Availability of the Jones Act to the unadopted stepchild of decedent and the three natural children given in adoption by him before his death.

The other issue raised by the cross-motions for summary judgment affects only some of the plaintiffs. Defendants contend that, as a matter of law, the unadopted stepchild of decedent and the three natural children he gave in adoption before his death [3] cannot recover under the Jones Act. These plaintiffs seek a ruling that they can so recover.

■ The Jones Act, 46 U.S.C. § 688, allows recovery for the death of a seaman in accordance with the provisions of 45 U.S.C. § 51. That provision includes as beneficiaries the decedent's "children." It is settled that, to determine who is an eligible child

under the Jones Act and 45 U.S.C. § 51, the court must look to state law. *Murphy v. Houma Well Service*, 409 F.2d 804 (5th Cir. 1969).

■ As to the unadopted stepchild, a Louisiana appellate court has squarely held that an unadopted stepchild is not entitled to recover for the wrongful death of its stepparent. *Aymond v. State Dept. of Highways*, 333 So.2d 380 (La.App. 3d Cir. 1976).

■ As to the children given in adoption before decedent died, a Louisiana appellate court has squarely held that children given in adoption before a blood parent's death cannot recover for the wrongful death of that parent. *Simmons v. Brooks*, 342 So.2d 236 (La.App. 4th Cir. 1977).

The *Aymond* and *Simmons* cases would appear to compel the court to grant defendants' motion. The three children given in adoption before decedent's death, however, ask the court to re-examine the correctness of the *Simmons* decision and allow them to recover under the Jones Act.

■ Re-examination of a state intermediate appellate court's decision on an issue of state law is not something that this court will lightly undertake. Only if there are "persuasive indications that the highest court of the state would decide otherwise" may I presume to review a state intermediate appellate court. *Benante v. Allstate Insurance Co.*, 477 F.2d 553, 554 (5th Cir. 1973). *Accord Continental Grain Co. v. Martin*, 536 F.2d 592 (5th Cir. 1974); *Shelp v. National Surety Co.*, 333 F.2d 431 (5th Cir. 1964).

Such persuasive indications do not exist in this case. The *Simmons* court relied on LSA–C.C. Art. 214, which explicitly provides that an adopted person is divested of all legal rights with regard to his blood parents, except the right of inheritance.

---

3. The motion papers of defendants seem to challenge the right of the natural child given in adoption *after* decedent's death to recover under the Jones Act. At oral argument, however, counsel repeatedly stated that the challenge, at the moment, is addressed only to the three

natural children given in adoption *before* decedent's death. Accordingly, the court's decision here affects only these three natural children. The rights under the Jones Act of the natural child adopted after decedent's death, Kenneth Davis Bergeron, are not decided here.

Plaintiffs point out that at the time this language was made part of Art. 214, the Code provision governing wrongful death, LSA–C.C. Art. 2315, allowed recovery by "children, including adopted children *and children given in adoption.*" Art. 2315 was amended in 1960 and the language including children given in adoption was *deleted.* Plaintiffs argue that since the Explanatory Note to the new Art. 2315 stated that the 1960 amendments were intended to broaden the wrongful death remedy, I should not interpret the 1960 change in language as constricting the former scope of beneficiaries. Defendants quite reasonable argue that the deletion of language specifically including children given in adoption shows a legislative intent to *exclude* these persons thereafter. When this deletion was made, moreover, the provisions of Art. 214 divesting adopted children of almost all their rights concerning their blood parents had been in effect for several years. The new language of Art. 2315 chosen by the legislature in 1960 is thus not a clear indication of any intent to retain for adopted children their right to recovery for the wrongful death of their blood parents.

Plaintiff's argument is not so compelling as to constitute a persuasive indication that the Supreme Court of Louisiana would agree with it. The holding of *Simmons* will be followed. The holding of *Aymond* will also be followed. Therefore, the Jones Act claims of the unadopted stepchild, Toni Marie Walling, and the three natural children given in adoption before decedent's death, Scotty James Dalfrey, April Elizabeth LaGrange, and Kevin Wayne Cormier, should be dismissed.