**Willie R. COLEMAN and W. Dwayne Powell, Appellants,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.**

No. 08–87–00235–CV.

Court of Appeals of Texas, El Paso.

Nov. 23, 1988.

Rehearing Denied Dec. 21, 1988.

Kurt Paxson, Grambling & Mounce, El Paso, for appellants.

Beth A. Kramer, FDIC, Legal Div., Midland, Ray Guy, Jenkens & Gilchrist, Dallas, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

OPINION

SCHULTE, Justice.

Appellants, individual guarantors of a corporate real property lien note, appeal from a $450,475.42 summary judgment for deficiency after foreclosure. We reverse and remand.

As corporate officers, Appellants individually guaranteed the 1981 note for Judico Enterprises, Inc. The note was payable to The First National Bank of Midland. Default was made when the note fell due December 7, 1982. The corporation took Chapter 11 bankruptcy. The bank filed for relief from the automatic stay and to remove the note and its security from Judico's bankruptcy. However, the bank did

not pursue its application to fruition before the bank itself became insolvent. Appellee, Federal Deposit Insurance Corporation (FDIC), was named receiver of the bank on October 14, 1983, and in its corporate capacity purchased the note and its security. After receiving the assets of the bank, Appellee did not further proceed with the application for relief from stay until July 12, 1984. On August 15, 1984, an agreed order was entered granting Appellee the right to foreclose on the real property securing the note. The foreclosure sale was held on June 7, 1985. Appellants complain that during the period beginning in October, 1983, until the June sale of 1985, the value of the realty substantially declined and as a result, the foreclosure brought only $357,000.00, insufficient to cover the balance of the note. Appellee's suit is for the deficiency.

Points of Error Nos. One, Three, Four and Five urge error in the granting of summary judgment, there being present an issue of fact as to whether Appellee breached a duty of good faith in waiting twenty-one months to foreclose. Appellants argue that had the collateral been sold when Appellee received the bank's assets, there would have been no deficiency because the fair market value would have covered the debt.

Appellee's motion for summary judgment urged in this regard that no duty of good faith existed, and if it did, Appellants had waived the duty under the guaranty contracts. We are not persuaded by this response.

■ There is sufficient unimpeached summary judgment evidence in the record before us in support of Appellant's theory to reach a jury. In response to interrogatories, Appellee's answers demonstrate an awareness, over time, that the fair market value of the real estate collateral in issue was declining. In response to Interrogatory Sixteen, Appellee replied that the appraisers' values on the dates indicated, were as follows:

| 03/30/84 | Clyde Lytle | $550,000.00 |
| 05/01/84 | Croissen Dannis, Inc. | 568,000.00 |
| 01/28/85 | American Appraisal Associates | 450,000.00 |
| 03/06/85 | Bob Jones & Co. | 390,000.00 |

Then too, in the same set of interrogatories, it was admitted that the FDIC's Commercial and Other Loan Credit Manual prescribes a four-month delinquency on a loan as appropriate for foreclosure, absent unusual circumstances. Appellee argues that the property was subject to the stay of bankruptcy. But when Appellee did renew efforts for relief from stay, its effort resulted in an agreed order a month later on August 15, 1984. From its pleadings, it appears FDIC took charge on October 14, 1983. The property was not sold until June 7, 1985.

Appellant also points to its letter of November 16, 1983, to Appellee, urging some action be taken and reciting as of that time, "[t]he property is worth approximately the amount of the balance due on the note." Bob Hurt, an account officer of Appellee who had "worked that asset" while assigned to Midland, testified on cross by deposition that he was "cognizant of declining property prices in the surrounding geographic area." Assuming the existence of a duty of good faith, from our review of Appellee's summary judgment proof, we believe that a material issue of fact bearing on that issue was present.

Appellant relies on *Frederick v. United States*, 386 F.2d 481 (5th Cir.1967), wherein it is stated at 486:

A guarantor, who is in broad terms a type of surety, has a beneficial interest in collateral held by the creditor for the principal debt, and the creditor must exercise good faith in preserving, applying and disposing of the security and the proceeds, not only for the sake of the creditor's security, but in recognition of the guarantor's obligation. Misapplication of security is a defense to the guarantor in an action against him on his obligation. The guarantor cannot compel the creditor to go against the security (and the guaranty so states), but once the creditor does so he must do so without negligence and with due regard for the guarantor's interest in preservation of it and disposition of it for a proper value, for had the creditor not gone after

the security the value of it would be subject to the guarantor's rights as subrogee of the creditor.

■ The duty exists that the mortgagee conduct a foreclosure sale fairly so as to produce as good a price as possible. *Biddle v. National Old Line Insurance Company*, 513 S.W.2d 135, 138 (Tex.Civ.App.— Dallas 1974, writ ref'd n.r.e.). That court further stated that motive is immaterial, and that the mortgagee is judged by the results, although not the disparity in price alone. *Id.* at 138. We believe the duty of good faith obtained in this case, and that whether or not Appellee breached that duty by undue delay in foreclosing, is a material question of fact left to be determined.

■ Furthermore, the waiver provision of the guaranty contracts is facially insufficient. The provision that the creditor shall not be required to pursue other remedies before invoking the benefits of the guaranty speaks to priority of remedies rather than waiver of duty to conduct a foreclosure sale fairly so as to obtain the best possible price. Points of Error Nos. One, Three, Four and Five are sustained. We need not respond to Point of Error No. Two regarding damages.

The judgment is reversed, and the cause is remanded to the trial court for trial on the merits.