**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Vernon Savings and Loan Association, FSA, Plaintiff,**

v.

**ATKINSON–SMITH UNIVERSITY PARK JOINT VENTURE, a Texas Joint Venture, et al., Defendants.**

**Civ. A. No. CA3–87–2887–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 6, 1989.

David I. Hammond of Leonard Marsh Hurt Terry & Blinn, P.C., Dallas, Tex., for FSLIC.

Daniel J. Sheehan of Sheehan, Young, Smith & Culp, Dallas, Tex., for Atkinson–Smith University Park Joint Venture, Vernon, James and Paul Smith Co., Vernon S. Smith, Jr., Paul L. Smith, James W. Smith, II, and Meadowcreek Village Apartments, Ltd.

Richard D. Pullman of Pullman & Schendle, Dallas, Tex., for Jack D. Atkinson and Atkinson Financial Corp.

**MEMORANDUM OPINION
AND ORDER**

FITZWATER, District Judge.

This suit to recover on several promissory notes presents the question whether the Federal Savings and Loan Insurance Corporation ("FSLIC") owes a duty of good

faith and fair dealing to borrowers of a failed thrift institution. Concluding that the FSLIC owes no such duty, the court grants the FSLIC's motion for summary judgment.

## I

The undisputed summary judgment evidence reflects the following. On May 22, 1984 Atkinson–Smith University Park Joint Venture ("Joint Venture") executed two promissory notes, one in the original principal amount of $8,177,600 and the other in the amount of $1,022,200, payable to Vernon Savings and Loan Association ("Old Vernon"). At the same time, Jack D. Atkinson ("Atkinson") signed guaranties on both notes, unconditionally guaranteeing 50% payment of all "amounts which are outstanding from time to time." On December 23, 1985 both notes were renewed. As of May 1, 1989 the unpaid principal on the first note was $6,563,226.70 plus interest in the amount of $344,569.40. The second note has had no credits; thus the full amount of the second note is unpaid and interest in the amount of $477,330.24 has accrued on the note.

On June 12, 1985 Meadowcreek Village Apartments, Ltd. ("Meadowcreek") signed and delivered a promissory note—in connection with a letter of credit—in the original principal amount of $350,000. At the same time, Atkinson unconditionally guaranteed full payment of the note. As of May 1, 1989 the full amount of the note, together with accrued interest totalling $120,819.46, was unpaid.

The FSLIC contends it has become the holder of the notes. It now seeks summary judgment, alleging it has satisfied its burden of proof as to defendant's liability, there are no genuine issues of material fact, and it is entitled to judgment as a matter of law. Defendants seek to avoid liability on the basis of certain affirmative defenses. The FSLIC argues that these defenses are barred by *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and by the holder in due course doctrine. Defendants respond that these doctrines are inapposite because their defenses arise from the FSLIC's breach of the agreements sought to be enforced. Defendants allege that the FSLIC breached the duty of good faith and fair dealing by not obtaining the highest possible credit bid at the foreclosure of the property that secured the notes and by failing promptly to conduct the foreclosure sale.

## II

### A

The party moving for summary judgment has the burden of showing there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir.1988); *Thomas v. Harris County*, 784 F.2d 648, 651 (5th Cir. 1986). As the party moving for summary judgment, the FSLIC bears the initial responsibility of informing the district court of the basis for its motion, and of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Once the movant satisfies this obligation, the burden shifts to the nonmovants to show the movant should not be granted summary judgment. *Putnam v. Insurance Co. of N. Am.*, 673 F.Supp. 171, 175 (N.D.Miss.1987), *aff'd*, 845 F.2d 1020 (5th Cir.1988). The failure of the nonmovants to carry their burden at this point mandates entry of judgment against them. *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir.1988). The parties opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## B

The court initially determines whether the FSLIC has produced sufficient summary judgment evidence to establish, on the undisputed material facts, that it is entitled to judgment as a matter of law.

■ Suits on promissory notes are particularly suited for disposition by summary judgment. *See FDIC v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir.1988) ("suits on promissory notes provide fit grist for the summary judgment mill"). The promissory notes upon which the FSLIC sues are negotiable instruments under Texas law and recovery on these instruments is governed by TEX.BUS. & COM.CODE ANN. § 3.307(b) (Vernon 1968) (Texas UCC). Under § 3.307(b) and Texas case law, the FSLIC must prove that the notes were executed by the defendant in question, that the FSLIC is the present holder of the notes, and that the notes have been introduced into evidence. *See, e.g., Anderson v. Industrial State Bank of Houston*, 478 S.W.2d 215, 217 (Tex.Civ. App.1972, writ ref'd n.r.e.).

The FSLIC has satisfied these three elements. Regarding the element of execution, Texas law deems each signature on an instrument admitted unless specifically denied. TEX.BUS. & COM.CODE ANN. § 3.307(a) (Vernon 1968). Defendants have not denied the execution of the promissory notes in question. The signatures are thus admitted pursuant to § 3.307(a). *See Little v. Business Data Center, Inc.*, 550 S.W.2d ·406, 407 (Tex.Civ.App.1977, no writ).

The FSLIC has also met the second element. The affidavit submitted by the FSLIC is sufficient to show that the FSLIC is the present holder of the notes. *See Life Ins. Co. of Va. v. Gar–Dal, Inc.*, 570 S.W.2d 378, 381 (Tex.1978). It is also clear from the affidavit that the FSLIC has possession of the notes.

The last element—introducing the notes into evidence—is also satisfied. The notes have been produced as exhibits and are thus part of the summary judgment evidence.

■ In addition to its claim for recovery on the written instruments, the FSLIC also seeks judgments against Atkinson Financial Corporation f/k/a Atkinson Land Company, Inc. ("AFC") and Vernon, James and Paul Smith Company ("Smith Company") as joint venturers in the Joint Venture. Under Texas law a joint venturer is liable for the debts of the joint venture. *Misco-United Supply, Inc. v. Petroleum Corp.*, 462 F.2d 75, 77–78 (5th Cir.1972) (citing Texas cases). Under Texas law, and in accordance with the FSLIC's claim, AFC and Smith Company are liable for the debts of the Joint Venture.[1]

The FSLIC has met its summary judgment burden by adducing summary judgment evidence which reflects that there are no genuine issues of material fact and that the FSLIC is entitled to judgment as a matter of law.[2]

## C

Because the FSLIC has demonstrated it is entitled to summary judgment, the burden is now on the defendants to show summary judgment should not be granted. *See Putnam*, 673 F.Supp. at 175.

■ Defendants argue that summary judgment is not appropriate for two reasons, each of which is predicated on the assumption that the FSLIC owes to defendants a duty of good faith and fair dealing.[3] First, defendants contend the FSLIC did not obtain the highest possible credit bid at the foreclosure sale, thus creating a fact issue as to the amount of their liability. Second, defendants assert the FSLIC did not foreclose the property at the first possible opportunity, thereby allowing the

---

**1.** The individual defendants, Paul L. Smith, Vernon S. Smith, and James W. Smith, II, are not the subject of this motion. They have each filed for bankruptcy.

**2.** The FSLIC seeks attorney's fees in the amount of $93,101.50. Given the size of the request in relation to the work reflected in the present record, the court will decide the attorney's fee request by separate order.

**3.** Defendants also contend the *D'Oench, Duhme* doctrine bars neither of its defenses. The court has not reached this question.

fair market value of the property to decrease pending foreclosure. The FSLIC replies that no duty of good faith and fair dealing exists in commercial lending, and therefore argues the defenses fail as a matter of law.

This court has recently declined to recognize a duty of good faith and fair dealing flowing from the FSLIC to the borrowers of a failed institution. *See FSLIC v. Wilson*, 722 F.Supp. 306 (N.D.Tex.1989) (Fish, J.). In *Wilson* defendants executed written agreements guaranteeing payment on certain promissory notes held by a savings and loan association. *Id.* at 308. The FSLIC became the owner and holder of the instruments when it was appointed receiver for the failed institution. *Id.* The notes went into default, and the FSLIC sued the guarantors for payment. *Id.* Defendants argued the loan agreement, the note, and the guaranties together imposed upon the FSLIC an implied duty of good faith and fair dealing. *Id.* at 311. Judge Fish looked to Texas law in rejecting defendants' contention, reasoning that no implied duty existed because there was no "special relationship" between the parties. *Id.*[4] Applying *Wilson* to the present case, the court similarly holds that the FSLIC did not owe defendants a duty of good faith and fair dealing in conducting the foreclosure sale.

The court recognizes that defendants' position finds support in Texas law. *See Coleman v. FDIC*, 762 S.W.2d 243, 245 (Tex.App.1988) (reversing summary judgment for the FDIC on ground that mortgagee owed duty of good faith to conduct foreclosure sale fairly and that whether

FDIC breached that duty was a material question of fact), *writ granted on this issue*, 32 Tex.Sup.Ct.J. 339, 343–44 (April 29, 1989).[5] Assuming, without deciding, that this court is *Erie*-bound to apply Texas law, the court nevertheless declines to deem *Coleman* controlling.

■ In an *Erie* case, this court looks first to decisions of the Texas Supreme Court for the governing law. In the absence of that court's determination of a question, a decision of a Texas court of appeals is controlling unless there is a strong indication that the Texas Supreme Court would decide the question differently. *Allstate Ins. Co. v. Shelby*, 672 F.Supp. 956, 958 (N.D.Tex.1987) (citing *Mott v. Mitsubishi Int'l Corp.*, 636 F.2d 1073, 1074 (5th Cir.1981)). A federal district court will not lightly re-examine a state intermediate court's decision on an issue of state law unless there are persuasive indications that the highest court of the state would decide otherwise. *Id.* at 958–59 (citing *Cormier v. Williams/Sedco/Horn Constructors*, 460 F.Supp. 1010, 1012 (E.D.La.1978)). This court finds from its analysis of Texas law that the Texas Supreme Court will decline to impose an implied duty of good faith and fair dealing in the context of this case.

In *English v. Fischer*, 660 S.W.2d 521 (Tex.1983), the Texas Supreme Court expressly rejected the notion that an implied duty of good faith and fair dealing exists in every contract. *Id.* at 522. Such a duty is recognized only where there is a "special relationship" between the parties to the contract. *See Manges v. Guerra*, 673 S.W.2d 180, 183 (Tex.1984); *Fischer*, 660 S.W.2d at 524–525 (Spears, J., concurring).[6]

---

**4.** Similarly, in *FDIC v. Nobles*, No. 88–CA–252 (W.D.Tex. June 9, 1989), the district court determined that a duty of good faith and fair dealing did not apply to the Federal Deposit Insurance Corporation in its dealings with borrowers of a failed institution. *Id.* at 6. The court reasoned that "a duty of good faith should not be implied in the context of a commercial loan because of the very nature of the lending arena." *Id.* at 7 (citing *Rodgers v. Tecumseh Bank*, 756 P.2d 1223 (Okla.1988)).

**5.** *Coleman* was argued before the Texas Supreme Court on May 17, 1989. *See* 32 Tex.Sup. Ct.J. 385, 387 (May 20, 1989).

**6.** Texas courts have concluded such a "special relationship" exists between insurer and insured, *see Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987), a workers' compensation insurer and its insured, *see Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 212–213 (Tex.1988), and executive rights holders in a mineral estate and holders of nonexecutive working interests, *see Guerra*, 673 S.W.2d at 183.

An agreement made by the parties and embodied in the contract cannot be varied by an implied duty of good faith and fair dealing. *Exxon Corp. v. Atlantic Richfield Co.,* 678 S.W.2d 944, 947 (Tex.1984). The Texas Supreme Court has declined, moreover, to review lower court rulings that refuse to extend such a duty to a mortgagor-mortgagee relationship. *See Lovell v. Western Nat. Life Ins. Co.,* 754 S.W.2d 298, 303 (Tex.App.1988, writ denied) (no special relationship between mortgagor and mortgagee); *Cluck v. Frost Nat. Bank of San Antonio,* 714 S.W.2d 408, 410 (Tex. App.1986, writ ref'd n.r.e.) (no duty of good faith and fair dealing in context of foreclosure). The court's decision to grant review in *Coleman* arguably reflects a preliminary determination that *Coleman* erroneously expands the doctrine.

Accordingly, this court declines to credit defendants' reliance upon an implied duty of good faith and fair dealing. The court holds that the FSLIC has established its right to recover based upon the undisputed material facts and under a correct application of the law. Except as to the question of attorney's fees, which the court will decide by separate order, the FSLIC's motion for summary judgment is granted.

SO ORDERED.