**John D. HARRIS and Viola Susie Harris, Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF TEXAS, INC., Defendant.**

**Civ. A. No. CA3–89–2305–D.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 12, 1990.

John R. Frazier of Nash & Frazier, Dallas, Tex., for plaintiffs.

E. Stratton Horres, Jr. of Gardere & Wynne, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The instant motion to dismiss presents the question whether ERISA plaintiffs are entitled to recover exemplary damages in an action brought pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a).

### I

John D. Harris ("John") and Viola B. "Susie" Harris ("Susie") sue to recover benefits under a group health insurance policy issued by Blue Cross and Blue Shield of Texas, Inc. ("BCBS") and subscribed to by John's employer, R.B. Daniels, Inc. ("Daniels"). Daniels purchased a policy from BCBS in 1988.[1] Daniels and John paid premiums on the policy from June 1, 1988 to June 1, 1989. Susie was diagnosed as having breast cancer in October 1988. She required continuing treatment throughout the remainder of the policy term. Her treatment included an autologous bone marrow transplant and chemotherapy. Plaintiffs have incurred medical expenses in excess of $80,000 in connection with Susie's illness. BCBS has paid some expenses, but has refused to pay expenses totaling $78,869.96.

Plaintiffs filed this action in Texas state court seeking to recover policy benefits for medical expenses they had incurred. They also sought punitive damages for BCBS' alleged breach of duty of good faith and fair dealing. BCBS removed the action to this court, contending the court has original jurisdiction because the insurance contract at issue is covered by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

---

**1.** For purposes of deciding defendant's motion to dismiss, the court accepts as true the allegations of plaintiffs' first amended complaint and all inferences therefrom. *See Rankin v. City of Wichita Falls, Tex.,* 762 F.2d 444, 446 (5th Cir. 1985).

("ERISA").[2] BCBS filed a motion to dismiss, contending plaintiffs' state law claims were preempted by ERISA. Plaintiffs responded by filing an amended complaint in which they seek to recover medical expenses under 29 U.S.C. § 1132 and exemplary damages for breach of fiduciary duty.

BCBS now moves to dismiss plaintiffs' claim for exemplary damages, contending such damages are not available under ERISA. Plaintiffs respond that the Supreme Court's recent decision in *Firestone Tire and Rubber Co. v. Bruch,* — U.S. ——, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), establishes that courts are to develop a "federal common law of rights and obligations" under ERISA, and contends the federal common law should recognize the right to recover exemplary damages.

## II

This action is brought pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), which provides that a civil action may be maintained by a plan participant or beneficiary to recover benefits due or to enforce rights under the terms of a plan or to clarify rights to future benefits under the terms of a plan. Section 1132(a) also authorizes a participant or beneficiary to "seek appropriate relief" under 29 U.S.C. § 1109.[3]

Count 2 of the amended complaint alleges that exemplary damages under ERISA are authorized by § 1109. Plaintiffs do not press this argument in their response to BCBS' motion to dismiss, but instead contend this court should incorporate Texas' common law duty of good faith and fair

dealing[4] into the "federal common law of rights and obligations under ERISA-regulated plans." 109 S.Ct. at 954 (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 56, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39 (1987)). Whether plaintiffs suggest that punitive damages are authorized by § 1109, or alternatively assert that the relief they seek flows from an extension of state law principles, their argument fails.

### A

■ A fair reading of § 1109(a) makes clear that Congress enacted the section to deter the possible misuse of plan assets and to provide "remedies that would protect the entire plan, rather than ... the rights of an individual beneficiary." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985). The text of § 1109(a) provides no express authority for an award of extra-contractual damages to a beneficiary. *Id.* at 144, 105 S.Ct. at 3091. Even where recovery will benefit the plan as a whole, the plan may not recover punitive damages under § 1132(a)(2) against fiduciaries for breach of their fiduciary duty. *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.,* 793 F.2d 1456, 1463–1465 (5th Cir. 1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987).

Plaintiffs' reliance on § 1109 as a basis for the imposition of punitive damages is wholly misplaced in light of *Russell* and *Sommers.* Indeed, "[a]ny contention that punitive damages are available for breach of fiduciary duty is foreclosed in this cir-

**2.** Removal was authorized on this basis. *See Ramirez v. Inter–Continental Hotels,* 890 F.2d 760, 762 (5th Cir.1989); *Degan v. Ford Motor Co.,* 869 F.2d 889, 893–894 (5th Cir.1989).

**3.** 29 U.S.C. § 1109:
(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other

equitable or remediable relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.
(b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

**4.** *See Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987) (special relationship between insurer and insured creates duty of good faith and fair dealing).

cuit." *Moffitt v. Blue Cross & Blue Shield of Miss., Inc.*, 722 F.Supp. 1391, 1394 (N.D.Miss.1989) (citing *Sommers*, 793 F.2d at 1462–1465)).

### B

█ Plaintiffs' remaining contention is that punitive damages are recoverable pursuant to the Texas common law duty of good faith and fair dealing. The court rejects the proposition that Texas law provides guidance to this court in developing the common law under ERISA. The Supreme Court's holding in *Russell* that ERISA does not permit the recovery of extra-contractual damages forecloses the lower courts from extending the common law into forbidden territory.[5] ERISA does not provide an independent basis for recovery of punitive damages in an action brought pursuant to § 1132(a).

### C

█ Assuming *arguendo* that plaintiffs have pleaded in count 2 a pendent common law cause of action for breach of the duty of good faith and fair dealing, the court nonetheless concludes dismissal of count 2 is proper because such a cause of action is preempted by ERISA.

29 U.S.C. § 1144(a) provides, in part, that ERISA "supersede(s) any and all state laws insofar as they may now or hereafter relate to any employee benefit plan...." The phrase "relate to" must be "given its broad common-sense meaning, such that a state law 'relates to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1553 (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985)); *Ramirez*, 890 F.2d at 762–63; *see Boren v. N.L. Indus., Inc.*, 889 F.2d 1463, 1466 (5th Cir.1989). There can be no dispute that a state common law cause of action for breach of duty and good faith

and fair dealing "relate(s) to" an employee benefit plan and therefore falls under the express preemption clause in § 1144(a). *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1553; *Ramirez*, 890 F.2d at 762. Thus, unless plaintiffs' claim is rescued from preemption by ERISA's savings clause—29 U.S.C. § 1144(b)(2)(A)—the claim must be dismissed.

█ Section 1144(b)(2)(A) saves from preemption "any law of any State which regulates insurance, banking, or securities." A law "regulates insurance" when (1) it is specifically directed at the insurance industry; (2) it transfers or spreads policyholder risk; and (3) it affects an integral part of the policy relationship between insurer and insured. *Pilot Life*, 481 U.S. at 48–49, 107 S.Ct. at 1553–54 (citing *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002, 3008, 73 L.Ed.2d 647 (1982)); *Ramirez*, 890 F.2d at 763. A Texas cause of action for breach of duty of good faith and fair dealing fails to satisfy any of the criteria. The action is not directed solely at the insurance industry, but applies in other contexts as well. *See, e.g., Manges v. Guerra*, 673 S.W.2d 180, 183 (Tex.1984) (executive rights holder in mineral estate owes duty of good faith and fair dealing to holders of non-executive working interests); *Coleman v. FDIC*, 762 S.W.2d 243, 245 (Tex.App.1988, writ granted) (mortgagee owes duty of good faith and fair dealing to mortgagor in conducting foreclosure sale). *See also English v. Fischer*, 660 S.W.2d 521, 524–525 (Tex. 1983) (Spears, J., concurring) (Texas law recognizes duty of good faith and fair dealing in variety of contexts). The action does not effect a spreading of policyholder risk. *Pilot Life*, 481 U.S. at 50, 107 S.Ct. at 1554. Nor is it integral to the insurer-insured relationship because it "does not define the terms of the relationship between the insurer and the insured" but instead provides only that "a breach of [the insurance] con-

---

**5.** The Supreme Court's recent decision in *Bruch* does not alter this analysis. The Court in *Bruch* set forth the appropriate standard for reviewing an employer's denial of benefits under a plan subject to ERISA. 109 S.Ct. at 955–957. The

Court did not alter, or indeed mention, the established body of law flowing from *Russell* and *Pilot Life Ins. Co. v. Dedeaux* regarding the availability of punitive damages in an action subject to ERISA.

tract may in certain circumstances allow the policyholder to obtain punitive damages." *Id.* at 51, 107 S.Ct. at 1555; *Ramirez,* 890 F.2d at 763. The court thus holds that any pendent claim that plaintiffs purport to allege for breach of the duty of good faith and fair dealing is preempted by ERISA.[6]

BCBS' motion to dismiss plaintiffs' claim for exemplary damages is granted for the reasons stated.

SO ORDERED.

---

6. Several other courts have reached similar results. *See, e.g., Pilot Life,* 481 U.S. at 47–57, 107 S.Ct. at 1553–58 (state's "bad faith" insurance law preempted by ERISA); *Davis, by and through Farmers Bank & Capital Trust Co. of Frankfort, Ky. v. Kentucky Finance Cos. Retirement Plan,* 887 F.2d 689, 696–697 (6th Cir.1989) (state law claim for punitive damages preempted); *Kelley v. Sears, Roebuck and Co.,* 882 F.2d 453, 455–56 (10th Cir.1989) (state "bad faith" insurance law doctrine preempted); *Pane v. RCA Corp.,* 868 F.2d 631, 635 (3d Cir.1989) (state law claim for punitive damages preempted).