**LODGE HALL MUSIC, INC., Foreverendeavor Music and T.B. Harms Company, Plaintiffs-Appellees,**

v.

**WACO WRANGLER CLUB, INC., Claud W. Carter and Juanita Carter, Defendants-Appellants.**

No. 87–1394

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 28, 1987.

---

Bates & Cates, John L. Bates, Waco, Tex., for defendants-appellants.

Jackson, Walker, Winstead, Cantwell & Miller, John B. Nelson, Dallas, Tex., Naman, Howell, Smith & Lee, Waco, Tex., Richard H. Reimer, Karen E. Sherman, Bernard Korman, New York City, for plaintiffs-appellees.

Before RUBIN, HIGGINBOTHAM, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge: *

Defendants appeal a summary judgment entered against them in a copyright infringement action. Because we find that there are outstanding questions of material fact that preclude summary judgment, we vacate the judgment and remand.

## I.

Defendants own an establishment known as the Waco Wrangler Club in Waco, Texas.[1] The Waco Wrangler Club serves alcoholic beverages and plays recorded music for the enjoyment of its patrons. Plaintiffs own the copyrights to a number of musical compositions. Plaintiffs claim that on the night of October 19, 1984, defendants caused to be played at the club four songs whose copyrights are owned by the plaintiffs[2] in violation of their rights under the United States copyright laws. 17 U.S.C. §§ 101–810.

It is a violation of a copyright in a musical composition to perform that work publicly without a license. 17 U.S.C. § 106(4). An impermissible public performance includes playing songs on records in a bar or music club. *See Blendingwell Music, Inc. v. Moor-Law, Inc.,* 612 F.Supp. 474, 480 (D.Del.1985). A copyright owner is entitled to recover for each infringement either actual damages and loss of profits or

---

* Judge Hill prepared the above opinion before his death on October 19, 1987.

1. Waco Wrangler Club, Inc., owns the Waco Wrangler Club. Claud and Juanita Carter own 100% of the stock of Waco Wrangler Club, Inc., and together manage the club.

2. The songs are: "Stranger in My House" owned by Lodge Hall Music, Inc.; "Talking in Your Sleep" owned by Foreverendeavor Music; and "My Heroes Have Always Been Cowboys" and "She Believes in Me" both owned by T.G. Harms Company.

else statutory damages of at least $250 and not more than $10,000 per violation. 17 U.S.C. § 504. Costs and reasonable attorney's fees are also recoverable at the court's discretion. 17 U.S.C. § 505.

The American Society of Composers, Authors, and Publishers (ASCAP) was founded in 1914 in order to protect the rights of owners of musical copyrights. ASCAP is a non-exclusive licensing agent for the compositions of its members. ASCAP sells licenses to music clubs, bars, stores, television stations, and the like authorizing the non-dramatic performance of any and all of the musical compositions of ASCAP members. This allows the purchaser to avoid the cost of obtaining individual licenses from the owners of each song that may be performed and also provides owners of musical copyrights with a practical method of protecting their rights. Each of the plaintiffs is a member of ASCAP.

Over a period of time preceding this action, ASCAP approached the defendants on several occasions, both by mail and in person, seeking to induce them to purchase a license that would allow the Waco Wrangler Club to legally perform music copyrighted by ASCAP members. Despite ASCAP's warnings that the performance of such music without a license violated their members' copyrights and that those rights would be enforced, the defendants declined to purchase a license.

On October 19, 1984, two investigators hired by ASCAP entered the Waco Wrangler Club in order to obtain evidence of copyright infringement. The investigators allege that they were in the club from approximately 8:30 p.m. until 1:35 a.m. and that they wrote down the titles of the songs that they heard being performed. Among these were the four songs that form the basis of this suit.

Plaintiffs brought suit for copyright infringement. After discovery, the district court granted plaintiffs' motion for summary judgment and awarded statutory damages of $1,500 for each of the four copyright violations. The court also awarded plaintiffs attorney's fees. Defendant timely appealed the district court's judgment.

## II.

### A.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The defendants do not challenge the district court's legal conclusions, but object that there was an unresolved issue of material fact that precluded summary judgment. In reviewing the grant of summary judgment, we apply the same standard as did the district court, *Gatx Aircraft Corp. v. M/V COURTNEY LEIGH*, 768 F.2d 711 (5th Cir.1985), viewing the record in the light most favorable to the non-moving party. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *John v. State of Louisiana*, 757 F.2d 698 (5th Cir.1985).

Although the moving party has the burden of showing the nonexistence of any issue of material fact, once this showing has been made, the burden is on the opposing party to show that summary judgment is inappropriate. "[T]he opposing party must counter the moving party's affidavits with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact for trial. Mere allegations are insufficient." *United States v. An Article of Drug*, 725 F.2d 976, 984–85 (5th Cir. 1984). The Supreme Court has recently stressed the requirement that a factual dispute must be material to the outcome of the action in order to preclude summary judgment: "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

In the present case, the plaintiffs made their initial showing. They properly demonstrated that they owned the copyrights to the songs in question, that the defend-

ants had not obtained permission to perform those songs, and that the defendants exercised control over the Waco Wrangler Club sufficient to hold them legally responsible for any copyright infringement that might occur there. The affidavits of the investigators hired by the plaintiffs testified that the investigators were in the Waco Wrangler Club from 8:30 p.m. on October 19 until 1:35 a.m. on October 20 and that they heard a number of songs performed among which were the four songs owned by the plaintiffs. The only issue is whether the defendants properly opposed summary judgment by adequately showing the existence of an issue of material fact.

### B.

Defendants responded to plaintiffs' summary judgment motion by denying that the plaintiffs' songs were performed and stating that the Waco Wrangler Club stopped playing music at 12:00 on October 19 and closed soon thereafter. Defendants thus maintain that the investigators' claim that they were in the club listening to music until 1:35 a.m. on October 20 is perjured and that their affidavits are therefore unreliable.

The defendants' response is in the form of a verified pleading, the facts contained in which were sworn to by the Carters. The plaintiffs complained in the district court that the court could not consider the facts presented in this document because it is not an affidavit. They correctly pointed out that the party opposing summary judgment "cannot establish a genuine issue of material fact by resting on the mere allegations of its pleadings." *Russell v. Harrison,* 736 F.2d 283, 287 (5th Cir.1984). However, for the reasons set out below, we find that the defendants' response went beyond their pleadings and constituted evidence competent to be considered by the district court.

■ We have previously held that "verified pleadings may in some circumstances be treated as affidavits in support of a motion for summary judgment." *Fowler v. Southern Bell Telephone and Telegraph Co.,* 343 F.2d 150, 154 (5th Cir. 1965); *Gordon v. Watson,* 622 F.2d 120, 122 (5th Cir.1980). This result holds if the pleadings meet rule 56(e)'s requirement that summary judgment affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e).

■ That the defendants' response does not affirmatively state in the document itself that the Carters are competent to testify as to the facts to which they swore does not necessarily doom their testimony. Affidavits are to be considered in conjunction with other types of evidence before the court. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2738 at 467 (1983). Furthermore, the papers of a party opposing summary judgment are usually held to a less exacting standard than those of the moving party. *Id.* at 484. In previous cases we have accepted evidence from the party opposing summary judgment despite its failure to meet the technical requirements of rule 56(e). *See, e.g., Jackson v. State of Mississippi,* 644 F.2d 1142, 1144 (5th Cir.1981) (even though opposing party's affidavit did not conform to rule 56(e), the court did not reject his claim that there were issues of fact to be decided); *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir.1940) (non-moving party's proffered transcript from earlier trial sufficient to show outstanding issues of fact despite "defects in its certification and presentation"); *see also Albert Dickinson Co. v. Mellos Peanut Co.,* 179 F.2d 265 (7th Cir.1950) (plaintiff's verified petition sufficient to oppose summary judgment). Thus, so long as the record, taken as a whole, demonstrates that the Carters' testimony meets the requirements of rule 56, it is properly before the court and should be considered on a summary judgment motion.

■ We agree with plaintiffs that the Carters' denial that the songs were played is inadequate. The Carters' deposition

shows that this statement is not made upon personal knowledge and they are not competent to testify whether or not the plaintiffs' songs were performed. The Carters stated that they generally were unaware what particular songs were played in the Waco Wrangler Club and that they could not say what songs were played on October 19. While the club's disc jockey that night might be able to testify that the songs were not performed, his affidavit was not offered. The Carters' claim that the plaintiffs' songs were not in the club's record collection does not help them on this issue. While this statement does not fail for lack of personal knowledge, the Carters' deposition indicates that the club's disc jockeys often played their own personal records. Thus, whether or not the club owned recordings of plaintiffs' songs is not dispositive of the issue of whether they were performed on the night in question.

The Carters' claim that the club was closed at the time the investigators said they were still there listening to music is another matter, however. This assertion is made upon personal knowledge and is a fact to which the Carters are competent to testify. Their deposition states that they are at the club each night until closing. Thus, there is an issue as to when the Waco Wrangler Club closed on the night of the alleged infringement. If this issue is material, summary judgment is improper.

Plaintiffs assert that the Carters' statement as to the time the club closed is irrelevant because the investigators testified that the songs in question were performed between 10:00 and 11:00 p.m., a time when the club was admittedly open. We disagree. The Carters' allegation speaks to the reliability of the investigators' affidavits. While the mere claim that an affidavit is perjured is insufficient, where specific facts are alleged that if proven would call the credibility of the moving party's witness into doubt, summary judgment is improper. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2726 at 115 (1983). "[A]ffidavits may be submitted in opposition to a motion for summary judgment in order to raise an issue of credibility; doing so will defeat a motion for summary judgment." *Id.* at § 2738, p. 505; *see also Losch v. Borough of Parkesburg, Pennsylvania,* 736 F.2d 903 (3d Cir.1984) (conflicts of credibility should not be resolved on a motion for summary judgment); *Cram v. Sun Insurance Office, Ltd.,* 375 F.2d 670, 674 (4th Cir.1967) ("Clearly the credibility of a witness is a factual issue which precludes summary judgment."). This is especially so where the affidavit alleged to be perjured is an essential element of the plaintiff's case and is not corroborated by other evidence. Thus the time of the Waco Wrangler Club's closing on October 19 is an issue of material fact that precludes summary judgment.

### III.

We hold that where a party opposing summary judgment alleges that the affidavits upon which the motion is based are perjured, and presents evidence that could lead a reasonable person to doubt the credibility of the affiants' testimony, summary judgment should not be granted. Viewing the record in the light most favorable to the defendants, we find that the defendants have adequately raised a factual issue of the investigators' credibility.

Thus, we VACATE the district court's judgment and REMAND for further proceedings.[3]

---

**3.** Because the district court's summary judgment has been vacated, we deny plaintiffs' motion for attorney's fees on appeal.