**Ricky Lee WELCH, Plaintiff,**

v.

**SHERIFF, LUBBOCK COUNTY, TEXAS, and Don Addington, Defendants.**

**Civ. A. No. CA–5–88–033–C.**

United States District Court, N.D. Texas, Lubbock Division.

April 17, 1990.

Thomas E. Pitts, Lubbock, Tex., for plaintiff.

Charlotte Bingham, Lubbock, Tex., for defendants.

## ORDER

CUMMINGS, District Judge.

Coming on for consideration is the motion for summary judgment filed by the defendants on March 16, 1990. After reviewing the motion, brief, the summary judgment evidence, and the response, the Court is of the opinion that the motion is meritorious and should be granted.

## I.

In this 42 U.S.C. § 1983 civil rights action, the plaintiff alleges that he was placed in cell D–3 in the Lubbock County Jail with another inmate, Charles Kenneth Cunningham, whom jail personnel knew had tested positive or reactive to a blood test for HIV, the virus commonly believed to cause Acquired Immune Deficiency Syndrome (AIDS). Named as defendants are D.L. "Sonny" Keesee, Sheriff, and Don Addington, the jail administrator.

There were originally seven inmates who filed suit in this Court centering around the same facts and alleging the same claims. One of these companion cases, *Clayton v. Keesee*, No. 5–88–028–C, was tried before this Court.[1] Based in part upon the evidence introduced in the companion case and the evidence determined in this case, the plaintiff agrees that the following facts are true:[2]

1. At all times pertinent to this cause of action, Defendant Keesee was Sheriff of Lubbock County.

2. On February 1, 1988, Defendant Addington became the Administrator of the Lubbock County Jail. Prior to February 1, 1988, he was the Assistant Administrator.

3. From November 19, 1987, until February 12, 1988, Charles Cunningham was an inmate of the Lubbock County Jail.

4. On December 15, 1987, a sample of Mr. Cunningham's blood was drawn for testing for the presence of HIV antibodies.

5. In January, 1988, Mr. Cunningham was informed by a jail nurse that the result of the test on the blood drawn on December 15, 1987, was reactive, but that a second test needed to be run to confirm the test results of which he was being informed. See Defendant's Motion Exhibit A.

6. A sample of Mr. Cunningham's blood was drawn for a second, more definitive test for the presence of the antibodies to that virus, the Western Blot. The results of that test were "equivocal".

7. Copies of the above-mentioned test results are attached to the affidavit of Ms. Debra Wilborn, a nurse in the Lubbock County Jail who is the custodian of the

---

1. Additionally, the plaintiff agrees that the *Clayton* case presented virtually identical facts and issues of law as this case. See Plaintiff's Response, at II.

2. The plaintiff states he "will assume that 'facts' 1 through 12 are true." See *id.* at I.

jail's medical records. (Exhibit B to Defendant's Motion for Summary Judgment.)

8. Subsequent to receiving the results of the first blood test, Mr. Cunningham remained in the general population of the jail in a multi-person cell until February 10, 1988.

9. Plaintiff and Charles Cunningham were housed in the same cell, D–3, during some period of time from November 19, 1987, until Cunningham was removed from such cell on February 10, 1988.

10. Mr. Cunningham was transferred to the Texas Department of Corrections on February 12, 1988.

11. While at the Texas Department of Corrections, Mr. Cunningham was tested twice for the presence of the AIDS virus or the antibodies to that virus. The results of both tests were *negative*. Mr. Cunningham was also examined by a physician, Dr. Glenn Johnson, the Chief of Professional Services of the Texas Department of Corrections, who determined that Mr. Cunningham was not infected with the AIDS virus. See affidavit of Dr. Glenn Johnson, Exhibit C to Defendant's Motion.

12. At a hearing held in the United States Magistrate's Court on November 9, 1988, Dr. Jose Garces, a medical expert on the treatment of persons with AIDS, agreed with Dr. Johnson's conclusion that Charles Cunningham did not have AIDS. Dr. Garces testified that, based on the results of Charles Cunningham's blood tests for the presence of the antibodies to the AIDS virus, Charles Cunningham *did not have AIDS*. See p. 92 of transcript of consolidated evidentiary hearing held November 9, 1988, Exhibit D to Defendant's Motion for Summary Judgment.

At this juncture, the plaintiff disagrees with the defendants that there are no facts in dispute. Specifically, the plaintiff contends that he was at risk of contracting the HIV virus by sharing a cell with Mr. Cunningham, if Mr. Cunningham was infected with the virus. Additionally, the plaintiff asserts that fact issues remain as to whether the defendants acted in good faith in attempting to protect all inmates of the Lubbock County Jail from exposure to the virus.

The defendants argue that summary judgment is appropriate in that the evidence before this court does not reflect any medical authority which stands for the proposition that the HIV virus can be transmitted by casual contact between an infected person and a non-infected person. Additionally, the defendants contend that Charles Cunningham did not have AIDS, but rather his first test was a "false positive" as shown by subsequent tests. Further, the defendants contend that in December, 1987; January, 1988; and February, 1988, the Lubbock County Jail had no policy, either oral or written, which required the segregation of an inmate who had tested HIV positive from the general inmate population. Thus, say the defendants, they have violated no constitutional right of the plaintiff.

## II.

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment is proper when the pleadings and record taken as a whole demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). Where the movant has made a showing that summary judgment is appropriate, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1985); *accord Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 79 (5th Cir.1987). Further, where the moving party shows that the opposing party is unable to produce evidence in support of its case, summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex,* it was not necessary for the motion for summary judgment to be supported by affidavits or other materials specifically negating the non-moving party's claim so long as the

district court was satisfied that there was an absence of evidence to support it. *Id.* at 323, 106 S.Ct. at 2552. At that point the burden shifted to the non-moving party to produce evidence in support of its claims; if it did not produce any, summary judgment was required. *Id.* at 324, 106 S.Ct. at 2553.

### III.

 After reviewing the summary judgment evidence, this Court finds that the defendants, Keesee and Addington, did not violate plaintiff's constitutional rights, by their failure to segregate Charles Cunningham from the general inmate population. Exposing inmates to communicable disease may violate their constitutional rights. *See Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir.1977). However, as the record before this Court now stands, there have been no facts showing that the plaintiff was at risk of contracting AIDS. *See Foy v. Owens,* No. 85–6909 (E.D.Pa. March 19, 1986) (Westlaw 1986 WL 5564).

The medical evidence indicates that a person can become infected with AIDS by sexual contact with someone infected with the AIDS virus or by sharing drug needles and syringes with an infected person. *See also Maddox v. Goode,* No. 88–7880 (E.D.Pa. February 27, 1989) (Westlaw 1989 WL 17544), and *Glick v. Henderson,* 855 F.2d 536, 539–40 (8th Cir.1988). However, the plaintiff has alleged no facts nor produced any summary judgment evidence indicating there were instances of sexual contact among inmates, intravenous drug use between himself and Charles Cunningham, nor any other activities that could pose a serious risk of transmission of AIDS. This Court finds that under the facts alleged and the summary judgment evidence presented, the United States Constitution does not require the segregation of HIV-positive inmates from the general inmate population of Lubbock County Jail. *See Maddox,* No. 88–7880; *Glick,* 855 F.2d at 539–40; *see also, Muhammad v. Frame,* No. 87–5282 (E.D.Pa. September 11, 1987) (Westlaw 1987 WL 16889). In addition, the plaintiff has failed to controvert with proper summary judgment evidence that the

initial test of Charles Cunningham was anything other than a "false positive" as shown by the subsequent tests.

The plaintiff has wholly failed to produce evidence of any other violation of a constitutional right by defendants, Keesee and Addington.

### IV.

Judgment shall be entered for the defendants, in accordance with the above. Plaintiff shall bear all costs of court.

IT IS SO ORDERED.