**Judy BRADY, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF TEXAS, INC. and Paul Hemker, Defendants.**

Civ. A. No. CA3–89–2757–D.

United States District Court, N.D. Texas, Dallas Division.

July 11, 1991.

**132**

Hal K. Gillespie and David K. Watsky of Gillespie & Rozen, P.C., Dallas, Tex., for plaintiff.

John F. McCarthy, Jr., M. Scott McDonald, and Peter A. Warrick of Johnson, Bromberg & Leeds, Dallas, Tex., for defendant Blue Cross and Blue Shield of Texas, Inc.

Stephen F. Fink of Thompson & Knight, Dallas, Tex., for defendant Paul Hemker.

FITZWATER, District Judge:

In this action alleging sex discrimination and pendent state claims for intentional infliction of emotional distress and negligent employment, the court must determine whether the pendent claims are time-barred and must decide questions regarding admissibility of summary judgment proof and of summary judgment procedure.

### I

Plaintiff Judy Brady ("Brady") was formerly employed by defendant Blue Cross and Blue Shield of Texas, Inc. ("BCBS") as a group account executive. Her duties included marketing various forms of group insurance to employers in a downtown Dallas territory. BCBS productivity standards required Brady to procure a certain number of new group contracts and to retain a percentage of BCBS business in her territory. Brady commenced employment with BCBS in January 1987 and was terminated on September 29, 1987.

Brady contends her discharge was motivated by sex discrimination. She alleges she was "repeatedly subjected to continuing and unsolicited sexual advances and harassment on the job" by her supervisor, BCBS Dallas district sales manager Paul Hemker ("Hemker"). Comp. at VII. According to Brady, when she rebuffed Hemker's advances, he embarked upon a pattern and practice of discriminating against her in the terms and conditions of employment and ultimately discharged her.

BCBS responds that Brady was terminated for failing to meet BCBS productivity requirements. It has produced evidence indicating Brady was on formal probation at the time of her termination; it alleges she was apprised on numerous occasions of the need to improve her performance.

Brady seeks relief for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* She also alleges pendent state law claims of negligent employment against BCBS and intentional infliction of emotional distress against BCBS and Hemker.

## II

■ The court first considers whether Brady's intentional infliction of emotional distress claim against BCBS and Hemker is barred by limitations. Brady was discharged on September 29, 1987 and filed the instant action on October 30, 1989. BCBS contends intentional infliction of emotional distress is governed by the two-year statute of limitations established by Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986).[1] Brady responds that the action is regulated by the residual four-year statute of limitations contained in Tex. Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986).[2]

Tort claims are usually governed by the two-year limitation period prescribed by § 16.003(a). *See Williams v. Khalaf,* 802 S.W.2d 651, 654 & n. 2 (Tex.1990). Intentional infliction of emotional distress is generally characterized as a tort under Texas law. *See Diamond Shamrock Refining and Mktg. Co. v. Mendez,* 809 S.W.2d 514, 521 (Tex.App.1991, writ filed); *Havens v. Tomball Community Hosp.,* 793 S.W.2d 690, 692 (Tex.App.1990, writ denied). In a case that it deemed to be of first impression, a Texas court of appeals recently held such a claim is governed by the two-year statute contained in § 16.003(a). *See Stevenson v. Koutzarov,* 795 S.W.2d 313, 319 (Tex.App.1990, writ denied) (on rehearing).

■ This court is obligated, when interpreting claims governed by Texas jurisprudence, to look first to decisions of the Texas Supreme Court for the applicable law. *FSLIC v. Atkinson–Smith Univ. Park Joint Venture,* 729 F.Supp. 1130, 1133 (N.D.Tex.1989) (applying *Erie* doctrine). "In the absence of that court's determination of a question, a decision of a Texas court of appeals is controlling unless there is a strong indication that the Texas Supreme Court would decide the question differently." *Id.* (citing *Allstate Ins. Co. v. Shelby,* 672 F.Supp. 956, 958 (N.D.Tex. 1987)). A federal district court will not lightly reexamine a state intermediate court's decision on an issue of state law unless there are persuasive indications that the highest court of the state would decide otherwise. *Shelby,* 672 F.Supp. at 958–59 (citing *Cormier v. Williams/Sedco/Horn Constructors,* 460 F.Supp. 1010, 1012 (E.D. La.1978)).

Brady contends *Stevenson* is not controlling in light of the Texas Supreme Court's subsequent decision in *Williams.*[3] In *Williams* the court departed from prior holdings[4] and decided all fraud claims are subject to the four-year limitation period in § 16.004.[5] It discussed at length the evolution of fraud claims from common law actions on debts. The court's decision is based upon the historical development and quasi-contractual nature of such claims, as well as a desire for consistency. Brady attempts to engraft a portion of this discussion onto § 16.003(a) analysis. Under her reasoning, only those torts which involve "violence" are considered trespasses within the ambit of § 16.003(a); all other tort actions are governed by the residual four-year limitation period. Because violence is

---

1. Section 16.003(a):

   A person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

2. Section 16.051:

   Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

3. The Texas Supreme Court denied an application for writ of error in *Stevenson* on January 30, 1991, subsequent to its decision in *Williams. See* 34 Tex.Sup.Ct.J. 297, 298 (Feb. 2, 1991).

4. Previously, fraud claims could be subject to a § 16.003's two-year limitation or § 16.004's four-year limitation depending upon whether they were based upon a written or unwritten instrument or agreement.

5. Section 16.004:

   (a) A person must bring suit on the following actions not later than four years after the day the cause of action accrues:
       (1) specific performance of a contract for the conveyance of real property;
       (2) penalty or damages on the penal clause of a bond to convey real property; or
       (3) debt.

not among the elements of a claim for intentional infliction of emotional distress, and is not alleged in the instant action, Brady contends her claim is governed by the four-year residual statute in § 16.051.

The court disagrees. *Williams* neither purports to establish a new analytical framework for § 16.003(a) nor determines the appropriate limitation period for other causes of action. The *Williams* court expressly stated its intent not to retreat from the traditional analysis. *See* 802 S.W.2d at 654. This court cannot derive from *Williams* the "strong indication" that is necessary to vary the express holding of *Stevenson* that a claim for intentional infliction of emotional distress is governed by § 16.003(a). Brady's cause of action accrued no later than September 29, 1987, the date of her termination.[6] *See Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977) (cause of action generally accrues when events occur that allow person to seek relief). Because her complaint was filed more than two years after the accrual of her cause of action, Brady's claim for intentional infliction of emotional distress is time-barred. This claim is dismissed.

### III

■ BCBS also moves for summary judgment as to Brady's negligent employment claim. It contends the theory is also time-barred by the two-year statute of limitations contained in § 16.003(a). Brady applies her *Williams* analysis to this cause of action and contends it should be subject to the four-year statute of limitations because it does not involve violence.

For the reasons set out *supra* in § II, the court rejects Brady's interpretation of *Williams* and holds her negligent employment claim is a tort action properly governed by the two-year limitation period contained in § 16.003(a). This claim is dismissed.

6. Brady does not contend the discovery rule applies. The court discerns no facts that would

### IV

The court turns finally to Brady's sex discrimination claim. Before reaching the merits, the court must decide whether Brady's summary judgment proof is properly before the court. This question is important, because the court's review of the record indicates summary judgment is probably warranted if Brady is able to rely only upon the admissible evidence she has now proffered.

### A

■ Brady's response to BCBS' motion is predicated almost exclusively upon her own answers to BCBS' interrogatories. The answers are notarized and signed by Brady, but they are not sworn, verified, stated to be true and correct, or declared under penalty of perjury.

Following Brady's signature to her interrogatory answers is the following:

STATE OF TEXAS
COUNTY OF DALLAS

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Judy Brady, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 26th day of January, 1990.

[Notary's signature]
Notary Public
State of Texas
My commission expires: 4-1-93

Under Texas law this is an acknowledgment, a statement that, in the case of a natural person, means she personally appeared before the officer taking the acknowledgment and acknowledged executing the instrument for the purposes and consideration expressed in it. Tex.Civ. Prac. & Rem.Code Ann. § 121.006(b)(1) (Vernon 1986). The form Brady used, in fact, is approved by Texas law as "[t]he

toll limitations in the present case.

form of an ordinary certificate of acknowledgment." *Id.* § 121.007.

But an acknowledgment is not the equivalent of an affidavit. *See Conn, Sherrod & Co. v. Tri–Electric Supply Co.,* 535 S.W.2d 31, 34 (Tex.Civ.App.1976, writ ref'd n.r.e.). It contains no jurat, that is, "a certificate by a competent officer that the writing was sworn to by the person who signed it." *Hill v. Floating Decks of Am., Inc.,* 590 S.W.2d 723, 729 (Tex.Civ.App. 1979, no writ) (citing *Murphy v. State,* 132 Tex.Cr.R. 202, 103 S.W.2d 765, 766 (1937)). An acknowledgment is neither a declaration under penalty of perjury nor verification that the contents of the answers are true and correct.

■ Fed.R.Civ.P. 56(c) was amended in 1963 to allow the use of answers to interrogatories on a motion for summary judgment. To constitute competent summary judgment evidence, however, the answers must satisfy the other requirements of Rule 56. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2722 at 51–52 (1983). Courts have considered "verified pleadings" or sworn statements in support of summary judgment pursuant to Rule 56(e). *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir.1987); *Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F.2d 150, 154 (5th Cir.1965). Evidence from a party opposing summary judgment may be considered despite its failure to meet the "technical requirements" of Rule 56(e) "so long as the record, taken as a whole, demonstrates that the [ ] testimony meets the requirements of rule 56." *Lodge Hall,* 831 F.2d at 80.

The court has been unable to locate a case—and Brady has not directed the court to one—in which unsworn, unverified interrogatory answers proffered by a nonmovant have been considered competent summary judgment evidence. *Cf. Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir.1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment"); *Lodge Hall,* 831 F.2d at 80–81 (considering only those statements in

verified sworn pleading that reflected personal knowledge); *Bernhardt v. Richardson–Merrell, Inc.,* 892 F.2d 440, 443 n. 3 (5th Cir.1990) (plaintiff's interrogatory answers regarding expert testimony "plainly not sufficient summary judgment evidence"). Even when *pro se* plaintiffs are involved, courts have required adherence to Rule 56(e) or a sworn statement. *See Gordon v. Watson,* 622 F.2d 120, 122–23 (5th Cir.1980) (reversing district court's reliance on *pro se* plaintiff's unsworn, unverified response in granting summary judgment but noting "[h]ad [the response] been sworn it would have raised a genuine issue [of] material fact"). Brady's interrogatory answers are not sworn. The court may not construe them as a Rule 56(e) affidavit or as other competent summary judgment proof.

### B

Having determined Brady's summary judgment proof is insufficient, the court next decides whether she may now cure the deficiency.

■ When a party such as BCBS objects to a nonmovant's use of her own interrogatory answers, the nonmovant may "move for leave to file a corrected affidavit or to respond as to why her unsworn statement should be considered competent for raising issues of material fact." *Kline,* 845 F.2d at 1306. In Brady's summary judgment response, she has apparently done both. She has presented a legal argument—albeit unfounded—asserting her answers are adequate because they are notarized. Resp. at 3 n. 1. *Cf. Kline,* 845 F.2d at 1306–07 (citing case holding "merely notarizing signature does not transform document into affidavit that may be used for summary judgment purposes"). More importantly, she has also requested leave to file supplemental summary judgment evidence in the event the court sustains BCBS' objections.

■ Given the court's flexibility in dealing with the evidence used in a summary judgment proceeding, *see* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2721 at 40, and the fact that the

"papers of a party opposing summary judgment are usually held to a less exacting standard," *Lodge Hall*, 831 F.2d at 80, the court concludes Brady's request may be construed as a motion and so grants her leave to file supplemental evidence in compliance with Rule 56. *See also Kline*, 845 F.2d at 1306.

\*     \*     \*

BCBS's motion for summary judgment is granted as to Brady's intentional infliction of emotional distress and negligent employment claims. Hemker's motion to dismiss is granted. Treating Brady's request to file supplemental summary judgment proof as a motion, the motion is granted. Brady shall file her proof within 20 days of the date this order is filed; BCBS shall then have 15 days to file a reply brief.

SO ORDERED.