IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11205
Summary Calendar

_____

LAURA F SHARP

    Plaintiff - Appellee

 v.

RON MCWILLIAMS; ET AL

    Defendants

RON MCWILLIAMS; RUBY WILSON

    Defendants - Appellants

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1454-L
---------------------
April 27, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

 Appellee, Laura F. Sharp, sued appellants, Ron McWilliams and Ruby Wilson, alleging that they unlawfully arrested her, entered her home, and searched the home looking for Sharp's husband. McWilliams and Wilson moved for summary judgment arguing, *inter alia*, that their search was legal because it was based on a valid warrant, and that their arrest was proper

---

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Sharp attempted to block their entry into the home and otherwise attempted to interfere with their search.  Sharp opposed the summary judgment motion by way of an unsworn declaration in which Sharp provided a detailed recitation of the events surrounding the incident in question.  Sharp categorically denied obstructing or interfering with the officers.  She also averred that the officers searched drawers and other areas of the house where her husband could not have hidden, thereby exceeding the scope of the warrant.

The district court denied summary judgment on the issue of qualified immunity as to the legality of the arrest and the search based on the competing facts set forth in Sharp's declaration and the appellants' affidavits.  As appellants concede, we do not have jurisdiction to review the district court's determination to the extent that it turns on disputed issues of fact.  See Johnson v. Jones, 515 U.S. 304, 319-20 (1996); Baulch v. Johns, 70 F.3d 813, 815 (5th Cir. 1995). However, appellants assert that the district court erroneously relied on Sharp's unsworn declaration because it did not expressly state that it was based on her personal knowledge. Thus, appellants argue, we have jurisdiction to entertain this appeal.

We agree with Sharp that appellants' argument is frivolous. Appellants do not contend that Sharp was not present at the time of her arrest or that she did not personally observe what occurred.  Her personal knowledge of the events related in her declaration is evident from the context and content of the

declaration and the record as a whole.  See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc., 831 F.2d 77, 80 (5th Cir. 1987).  We do not impose the hypertechnical requirement suggested by appellants that an unsworn declaration must expressly state that it is based on personal knowledge when it is clear that the declarant in fact had personal knowledge.  See id.; Barthelemy v. Air Line Pilots Assoc., 897 F.2d 999, 1018 (9th Cir. 1990).  As we lack jurisdiction to review the district court's determination that issues of fact preclude summary judgment, we dismiss the appeal.

Further, having determined that appellants' argument is frivolous, we assess double costs against appellants.

APPEAL DISMISSED FOR LACK OF JURISDICTION; DOUBLE COSTS ASSESSED AGAINST APPELLANTS.