**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

YOLANDA TAYLOR,

      Plaintiff - Appellant,

v.

ANTHONY J. PRINCIPI, Secretary of
Veteran Affairs; UNITED STATES
DEPARTMENT OF VETERANS
AFFAIRS,

      Defendants - Appellees.

No. 04-3147
(D.C. No. 02-CV-4083-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Yolanda Taylor appeals from summary judgment granted in favor of defendant on her claims brought under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e17, for racial discrimination and/or retaliation relating to defendant's failure to promote her [1]. Our jurisdiction arises under 28 U.S.C. § 1291. For the reasons discussed below, we affirm the district court's determination that Ms. Taylor failed to establish a triable issue of discrimination or retaliation on the basis of race.

## I.

"We review grants of summary judgment *de novo* to determine whether any genuine issue of material fact exists, viewing all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party." *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003). In applying this standard,

> [w]e view the evidence and draw any inferences in a light most
> favorable to the nonmoving party, but the party opposing summary
> judgment must identify sufficient evidence that would require
> submission of the case to a jury. It is not enough that the
> nonmovant's evidence be merely colorable or anything short of
> significantly probative.

---

[1] Although Ms. Taylor also made other claims in her complaint that were dismissed on summary judgment or after a two-day trial, her appellate brief only focuses on the summary judgment rulings related to failure to promote.

*Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1555 (10th Cir. 1993) (citations and quotation marks omitted). "In considering whether a fact is material, we must look to the applicable substantive law. To determine whether a dispute is genuine, we must consider whether a reasonable jury could return a verdict for the nonmoving party." *Revell v. Hoffman*, 309 F.3d 1228, 1232 (10th Cir. 2002) (citation and quotation marks omitted). To avoid summary judgment on her claim for retaliation, Ms. Taylor had to present evidence demonstrating (1) she "engaged in protected opposition to discrimination;" (2) she suffered "an adverse employment action;" and (3) "there exists a causal connection between the protected activity and the adverse action." *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004). To avoid summary judgment on her claim of employment discrimination under Title VII, she was required to show that: (1) she is a member of a protected class; (2) she applied for and was qualified for the particular position; (3) she was not promoted despite her qualifications; and (4) the position was filled or remained open after she was rejected. *See Jones v. Barnhart,* 349 F.3d 1260, 1266 (10th Cir. 2003).

Upon establishing a prima facie case, the burden shifts to the employer to present a legitimate, nondiscriminatory reason for its actions. *Jones,* 349 F.3d at 1266. If the employer makes such a showing, the burden then shifts back to the employee to demonstrate that the employer's proffered explanation was merely

pretext for discrimination or retaliation.   *Id.*   In this case, the district court determined that Ms. Taylor had failed to establish a prima facie case on some claims and failed to show that there were genuine issues of material fact concerning defendant's valid reasons for not promoting her.  On appeal, Ms. Taylor asserts that the court erred in making several evidentiary rulings that underlie its grant of summary judgment.

## II.

We need not repeat the extensive factual background set forth in the district court's twenty-eight page memorandum order and will discuss facts only as necessary to our analysis of Ms. Taylor's claims of error.   "Like other evidentiary rulings, we review a district court's decision to exclude evidence at the summary judgment stage for abuse of discretion."   *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.,*   131 F.3d 874, 894 (10th Cir. 1997).  Applying this standard, "[w]e will not disturb the trial court's [evidentiary] determination absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."   *Summers v. Missouri Pacific R.R. System*   , 132 F.3d 599, 603 (10th Cir. 1997) (citation and quotation marks omitted).

## A.

Citing *Tavery v. United States*, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994), Ms. Taylor first asserts that the district court erred by refusing to strike affidavits submitted by defendant because they did not expressly state that the affiant had personal knowledge of the allegations made in the affidavit. But the cited footnote in *Tavery* stands only for the proposition that "a mere statement of belief . . . is insufficient to support summary judgment." *Id.* As we noted, statements must be "made on personal knowledge." *Id.* (quoting Fed. R. Civ. P. 56(e)). But an affidavit will not be stricken simply because it does not contain those specific words as long as it is clear that the affiant is basing his or her statements on personal knowledge. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) ("That Rule 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves."); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987) (holding that, even though "defendants' response does not affirmatively state in the document itself that [they] are competent to testify as to the facts to which they swore does not necessarily doom their testimony . . . so long as the record, taken as a whole, demonstrates that [their] testimony meets the requirements of rule 56"). Here, the affidavits in question met that test.

**B.**

Defendant presented evidence that Ms. Taylor was not promoted to budget analyst and teller positions for two reasons. First, the applicant pool for budget analyst and teller jobs in the Business Functional Line ("BFL") was limited to current employees in that department as part of a valid merit promotion plan designed to avoid laying off other employees in the BFL. In addition, defendant presented uncontroverted evidence that Ms. Taylor had chronically low attendance at work that she claimed was job-stress related, and that she had requested 240 hours of advance sick leave. The hiring officer for a non-BFL position for which Ms. Taylor was also rejected testified that she did not select Ms. Taylor because Ms. Taylor had no experience in that position and because of her attendance problems.

In her attempt to demonstrate pretext, Ms. Taylor argues that the district court erred in disregarding statements she made in her responsive affidavit regarding her qualifications relative to another budget analyst candidate's qualifications and the authority of management to limit the applicant pool to those employees already in the BFL department. We find no abuse of discretion in the court's decision. First, the only qualification that precluded Ms. Taylor from being considered for the BFL jobs was that she be a current BFL employee. Because she could not meet that qualification, whether she was or was not more

qualified in other areas than the BFL employee chosen for the job was not relevant to the issue of pretext and therefore did not raise a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

Second, it is clear that Ms. Taylor had no personal knowledge about who had authority to limit the applicant pool, and the court therefore properly disregarded her testimony about that issue under Rule 56(e).

## C.

Ms. Taylor next asserts that the district court erred in disregarding certain exhibits that were attached to her affidavit and which apparently consisted of defendant's business records produced during the course of discovery. The court disregarded the exhibits on the basis that Ms. Taylor had "failed to comply with Rule 56(e)'s requirement that documents must be authenticated by . . . the affidavit." Aplt. App. at 5. Rule 56(e) requires that documents referred to in an affidavit be "sworn or certified copies of all papers or parts thereof," thus Ms. Taylor was required to identify, under oath, the source of the documents and that they had not been altered. In his motion for summary judgment, defendant timely objected to Ms. Taylor's failure to properly authenticate the documents in her affidavit. *See Noblett v. Gen. Elec. Credit Corp.*, 400 F.2d 442, 445 (10th

Cir. 1968) (holding that "[a]n affidavit that does not measure up to the standards of Rule 56(e) is subject to a motion to strike; and formal defects are waived in the absence of a motion or other objection"). But Ms. Taylor did not simply correct the deficiency by way of a supplemental affidavit; instead, on appeal she argues that the documents were admissible under the business-records exception to the hearsay rule. While this may be true, it would not excuse her duty to identify the source of the documents and their absence of alteration to the district court when submitted in response to a motion for summary judgment. Under these circumstances, we can not say that the district court abused its discretion in refusing to consider the documents.

### D.

Finally, Ms. Taylor asserts that the deposition testimony of William Dunlop creates a material factual dispute on the issue of her eligibility to apply for BFL line positions even though she was not a current employee of the BFL. We disagree. Contrary to her assertion that Mr. Dunlop testified that, "as part of the resolution of [an EEOC] complaint [resolved in 1993] the Veterans Administration was to consider Taylor for all future job openings in the [BFL]," Aplt. Br. at 15, Mr. Dunlop testified as follows:

> Q: So you're telling the Hearing Officer that apparently out of some meeting in prior years any vacancies that came up, Yolanda Taylor was supposed to be considered for, is that correct?
> A: Correct.

Q: And that if Yolanda Taylor applied for this position, she should have been considered for this position?
A: If she was qualified and met the requirements for the position.
Q: Well, when you indicate "met the requirements for the position," if you're saying – are you saying that the requirements would include the fact that she would have to be of the business function line if that was one of the areas of consideration?
A: If – correct, if that's the way the job was announced through merit promotion.

Aplt. App. at 122. Mr. Dunlop's testimony, therefore, was consistent with defendant's position that Ms. Taylor was not promoted because she was not qualified for the prospective job under a valid, nondiscriminatory merit promotion program. Ms. Taylor points to nothing that would cause a reasonable finder of fact to determine that the reasons are unworthy of belief, *see Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1180 (10th Cir. 1999), and nothing showing an intent to discriminate on the basis of race.

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Bobby R. Baldock
Circuit Judge