Debra **PERZYNSKI**, Plaintiff,

v.

**CERRO GORDO COUNTY, IOWA, a Municipal Corporation, and Kenneth Kline and Heather Mathre, individually and in their corporate capacities, Defendants.**

No. C12–3003–DEO.

United States District Court,
N.D. Iowa,
Central Division.

April 2, 2013.

Mark D. Sherinian, Sherinian & Hasso Law Firm, West Des Moines, IA, for Plaintiff.

Susan M. Bernau, Jason M. Craig, Ahlers & Cooney, PC, Des Moines, IA, for Defendants.

### ORDER

LEONARD T. STRAND, United States Magistrate Judge.

This case is before me on defendants' motion (Doc. No. 21) to strike portions of plaintiff's summary judgment appendix. Plaintiff has filed a resistance (Doc. No. 27) and defendants have filed a reply (Doc. No. 29). No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* Local Rule 7(c). The motion is fully submitted.

## BACKGROUND

Plaintiff filed her complaint and jury demand on January 13, 2012. The defendants are Cerro Gordo County, Iowa (the County), along with Kenneth Kline and Heather Mathre, who are alleged to have been the County Auditor and Budget Director, respectively, for the County during the relevant period of time. In general, plaintiff alleges that she was charged with second degree theft in February 2010 as a result of false statements or representations made by Kline and Mathre while performing their duties as officials of the County. She further alleges that she was arrested and incarcerated based on the charge and that the charge was later dismissed as being unfounded. Her complaint includes three claims: (1) a claim against all defendants for deprivation of constitutional rights brought pursuant to 42 U.S.C. § 1983, (2) a claim against all defendants for malicious prosecution and (3) a claim against the County for false imprisonment.

The defendants filed an answer that denies liability and asserts various defenses. On December 27, 2012, they filed a motion for summary judgment (Doc. No. 6) seeking dismissal of all claims as a matter of law. Plaintiff filed a resistance (Doc. No. 13) on February 20, 2013. Her resistance included an appendix of the evidentiary materials (Doc. Nos. 13–3) upon which she relies to contend that summary judgment is not appropriate.

On March 7, 2013, defendants filed their motion to strike portions of plaintiff's appendix. In particular, they allege that the transcripts of various interviews conducted by law enforcement, included as pages 127 through 206 of plaintiff's appendix, cannot properly be considered as part of the summary judgment record because the persons being interviewed were not under oath. In her resistance, plaintiff cites Federal Rule of Civil Procedure 56(c)(4), which permits the use of affidavits or declarations to establish facts. She contends that her own supporting affidavit supplies the authentication necessary to allow the interview transcripts to remain in the summary judgment record.

## ANALYSIS

The documents at issue consist of purported transcripts of recorded interviews. The record reflects that David Hepperly, Chief Deputy Sheriff for Cerro Gordo County, conducted unsworn interviews of various individuals in the course of the criminal investigation that forms the basis of plaintiff's lawsuit. According to an affidavit submitted by plaintiff, she reviewed recordings of interviews Hepperly conducted with Scott Tepner, Kenneth Kline, Heather Mathre, Denece Knudson and Sandra Shonka. Plf's App. at 124. Plaintiff states that she compared those recordings to written transcripts (which were, apparently, prepared by another party) and that she made corrections to those transcripts as necessary. *Id.* She further states that she is personally familiar with each interviewee and that she recognized their voices. *Id.*

Based on her review of the recorded interviews, plaintiff states that the corrected transcripts included with her summary judgment appendix are "true and correct transcriptions of the recordings of Officer Hepperly's interviews." *Id.*[1] She further contends that the statements in the transcripts are admissible because (a) they are admissions by party opponents (or by employees of party opponents) and/or (b) otherwise constitute exceptions to the hearsay rule.

Defendants contend that notwithstanding plaintiff's effort to verify and correct the written transcripts, those transcripts must be stricken from the summary judgment record because they are unsworn statements that have not been properly authenticated. Defendants do not allege that the transcripts (or the recordings themselves) are inaccurate. Moreover, they expressly refuse to address the question of whether the statements in the transcriptions would be admissible under the hearsay rule. Doc. No. 29 at 2. Instead, they state that the sole basis of their motion to strike is plaintiff's alleged inability to properly authenticate the unsworn statements of other parties. *Id.* at 2–3.

1. In addition, plaintiff has submitted copies of the recorded interviews in DVD format.

Federal Rule of Civil Procedure 56(c) sets forth the following ground rules for determining what items are, and are not, properly part of a summary judgment record:

(c) Procedures.

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

\*      \*      \*

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c). Defendants cite various cases for the proposition that plaintiff's affidavit concerning the transcriptions does not satisfy rule 56(c)(4). For example, they rely on *Article II Gun Shop, Inc. v. Gonzales,* 441 F.3d 492, 496 (7th Cir.2006), holding that an unsworn document must be authenticated by a person through whom the exhibit could be admitted into evidence. Defendants contend plaintiff "does not have personal knowledge of the actual contents of the taped interviews" and, therefore, cannot authenticate the transcripts. Doc. No. 29 at 3.

This raises the question of how a recorded conversation may be authenticated. Federal Rule of Evidence 901(a) allows parties to authenticate evidence in any way that presents "evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 901(b) further provides that a party may authenticate evidence through "[t]estimony [of a witness with knowledge] that a matter is what it is claimed to be." The Eighth Circuit has held that to authenticate an exhibit, "a party need only prove a rational basis for that party's claim that the document is what it is asserted to be, which may be done with circumstantial evidence." *Kaplan v. Mayo Clinic,* 653 F.3d 720, 725–26 (8th Cir.2011). With regard to recorded conversations:

> Several nonexclusive factors should be considered when determining the admissibility of tape-recorded conversations. *United States v. McMillan,* 508 F.2d 101, 104 (8th Cir.1974), *cert. denied,* 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975). They include
>
> (1) That the recording device was capable of taking the conversation now offered in evidence. (2) That the operator of the device was competent to operate the device. (3) That the recording is authentic and correct. (4) That changes, additions or deletions have not been made in the recording. (5) That the recording has been preserved in a manner that is shown to the court. (6) That the speakers are identified. (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

*Id.*

These factors are useful to determine if a "tape's 'substance and the circumstances under which it was obtained [provide] sufficient proof of its reliability.' " [*United States v.*] *Webster,* 84 F.3d [1056], 1064 [ (8th Cir.1996) ] (*quoting United States v. Roach,* 28 F.3d 729, 733 n. 4 (8th Cir. 1994)). "These requirements do not, however, exist *in vacuo;* they become meaningful only when viewed in light of the facts of a specific case." *Durns v. United States,* 562 F.2d 542, 547 (8th Cir.), *cert.*

*denied*, 434 U.S. 959, 98 S.Ct. 490, 54 L.Ed.2d 319 (1977). Not only do we look to the specific facts of a case, but it is worth noting that the technology related to recording devices has greatly advanced since *McMillan* was decided, a fact that supports the premise that the *McMillan* factors are guidelines to be viewed in light of specific circumstances, not a rigid set of tests to be satisfied. *See Webster*, 84 F.3d at 1064 (the *McMillan* factors are general guidelines for a district court to use in evaluating if the Government has met its burden); *see also United States v. Clark*, 986 F.2d 65, 68 (4th Cir.1993) (government not required to meet every *McMillan* factor; the "factors, while helpful, merely 'provide guidance to the district court when called upon to make rulings on authentication issues.'") (quoting *United States v. Branch*, 970 F.2d 1368, 1372 (4th Cir.1992)).

*United States v. Oslund*, 453 F.3d 1048, 1054–55 (8th Cir.2006). In Oslund, the defendant challenged the district court's admission of recorded conversations between the defendant and an informant on grounds that the informant, who carried the digital recording device, did not testify at trial. *Id.* at 1055. The Eighth Circuit rejected this argument, holding that the law enforcement agent who provided the recording device to the informant, and who testified that he was able to identify the voices on the recording, was competent to authenticate the conversations. *Id.*

■ In analyzing the challenged transcripts in this case, I must also take into account the fact that they are being offered by a party resisting a motion for summary judgment. It is well-established, of course, that I must view the record in the light most favorable to plaintiff, as the nonmoving party. *See, e.g., Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376–77 (8th Cir.1996). As such, any genuine dispute concerning facts that go to the issue of authenticity must be resolved, at this stage, in plaintiff's favor.[2]

■ With these principles in mind, I find sufficient evidence in the record to authenticate the transcripts for purposes of allowing their inclusion in the summary judgment record. Indeed, based on the evidence that has been presented to me, I find no rational basis for even suspecting that the recordings, and the corresponding transcripts, are anything other than what plaintiff portrays them to be. First, it is undisputed that Chief Deputy Hepperly conducted interviews in connection with investigation, as he states in his affidavit that he "interviewed 10 persons who had knowledge of this case." Doc. No. 6–3 at ¶ 11.

Next, the portions of the Hepperly deposition transcript that have been included in the summary judgment record contain Hepperly's acknowledgement that various portions of transcripts are accurate. Specifically, he was given the transcripts of the Denece Knudson interview and the second Scott Tepner interview and was asked questions about both transcripts. He repeatedly acknowledged that he had no reason to dispute the contents of various portions of those transcripts. Plf's App. at 9, 19–22 (deposition pp. 27–28, 70, 74–76, 80–81). The fact that Hepperly confirmed the accuracy of certain segments supports plaintiff's claim that the transcripts are authentic.

Further, as evidenced by his willingness to supply an affidavit in support of their motion for summary judgment, Hepperly was available to defendants if they wished to provide evidence that the recordings and/or transcripts are inaccurate. Hepperly, an employee of defendant Cerro Gordo County, Iowa, made the actual recordings. *See, e.g.,* Plf's App. at 9 (deposition p. 27) (confirming that Hepperly recorded the conversations). If defendants allege that the recordings fail to accurately portray the interviews at issue, or that the transcripts of those recordings are incorrect, they certainly could produce evidence from Hepperly to support that claim. They have not done so.

Finally, plaintiff's affidavit indicates that she has personally reviewed the recordings

---

**2.** Some federal courts have recognized that the resisting party must be held to a less-exacting standard concerning the admissibility of evidence at the summary judgment stage. *See, e.g., Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir.1987).

and compared them to the typed transcripts. She also states that she made corrections to the transcripts as needed, that she is familiar with the interviewees and that she recognizes their voices. Plf's App. 124. At the summary judgment stage, I find that this sworn testimony, when combined with the other facts discussed above, provides a rational basis for plaintiff's claim that the transcripts are what they are asserted to be. *Kaplan,* 653 F.3d at 725–26. As such, I find that the challenged transcripts have been properly authenticated and are properly part of the summary judgment record.[3]

I find it important to note that this conclusion does *not* mean that the transcripts are definitely admissible at trial. Nor does it mean that the contents of those transcripts give rise to any genuine issues of material fact that preclude entry of summary judgment for the defendants. Those issues are not before me. Instead, I simply reject defendants' argument that the transcripts suffer from such a lack of authentication that they should be stricken from plaintiff's summary judgment appendix.

### CONCLUSION

For the reasons set forth herein, defendants' motion (Doc. No. 21) to strike portions of plaintiff's summary judgment appendix is **denied.**

**IT IS SO ORDERED.**

---

**3.** As noted above, defendants chose to focus their arguments on the issue of authenticity. As such, I have not conducted a detailed analysis of any potential hearsay arguments. However, plaintiff does argue that the statements in the transcript are admissible pursuant to Federal Rule of Evidence 801(d)(2) because each interviewee is either a named defendant or an agent or employee of Cerro Gordo County, the corporate defendant. Doc. No. 27–1 at 2. Defendants do not argue otherwise.